IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARK E. DONAHUE, | ) | |
| | ) | Civil No. 05-1323-AA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE ROXANNE OSBORNE, et al., | ) | ORDER TO DISMISS |
| | ) | |
| Defendants. | ) | |

AIKEN, District Judge.

Plaintiff filed a complaint under 42 U.S.C. § 1983, but did not pay the $250 filing fee or file an application to proceed in forma pauperis. Ordinarily the court would allow the plaintiff to correct such a deficiency. However, plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 and is dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

Plaintiff alleges that his civil rights were violated by the district attorney that prosecuted him on criminal charges and the judge presiding over the trial. Plaintiff also names his defense attorney as a defendant as well as the Attorney General and an Assistant Attorney General of the State of Oregon.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

## DISCUSSION

I find that regardless of liberally plaintiff's complaint is construed, it fails to state a claim.

As noted above, plaintiff seeks hold liable the judge and the

prosecutor in his criminal trial. It is well settled that judges are absolutely immune from liability for actions in their judicial capacity. Butz v. Economou, 438 U.S. 478 (1978); Richardson v. Koshiba, 693 F.2d 911 (9th Cir. 1992); Sherman v. Babbit, 772 F.2d 1476, 1477 (9th Cir. 1985).

Prosecutors are also absolutely immune from liability for their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Freeman v. Hittle, 708 F.2d 443 (9th Cir. 1983); Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir. 1989).

Plaintiff makes no factual allegations concerning defendant Meyers and apparently seeks to hold defendant Meyers liable on a theory of respondeat superior. Respondeat superior is not a proper basis for liability under section 1983. Monell v. Dept. Of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

There are no factual allegations concerning defendant Powers. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). Polk v. Montgomery County, 548 F. Supp. 613, 614 (D.Md. 1982). See also, Morabito v. Blum, 528 F.Supp. 252, 262 (S.D. N.Y. 1981).

Plaintiff names his defense attorney as a defendant. To state a claim under 42 U.S.C. § 1893, a plaintiff must allege that the defendant acted under the color of state law to violated

3 - ORDER TO DISMISS

plaintiff's constitutional rights. Polk County v. Dodson, 454 U.S. 312, 325 (1981). A public defender acting as an attorney in a case is not a state actor. Id.; see also, Briley v. California, 564 F.2d 849, 853 (9th Cir. 1977) [holding that a private attorney is not a state actor].

Although a private attorney could be liable as a state actor under 42 U.S.C. § 1983 if the attorney conspired with state officials, a pleading alleging such a conspiracy must set forth *specific facts* which demonstrate both the existence of a conspiracy and the private citizen's involvement in the conspiracy. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). Where no such specific facts are alleged, the plaintiff's complaint should be dismissed. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Jones v. Community Redevelopment Agency, 733 F.2d 646 (9th Cir. 1984). Plaintiff has not alleged any specific facts in support of his general allegation of "conspiracy."

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment the dismissal is with prejudice.

Under some circumstances, the court will construe a civil rights complaint challenging matters having to do with a

4 - ORDER TO DISMISS

plaintiff's criminal conviction as a petition under 28 U.S.C. § 2254. However, in this case, plaintiff's allegations suggest that he has state court proceedings pending. Therefore a federal habeas petition would be premature. The dismissal of this action is without prejudice to plaintiff's right to raise the issues alleged herein in a properly filed federal habeas corpus proceeding.

    IT IS SO ORDERED.

    DATED this __7__ day of September, 2005.

                                   /s/ Ann Aiken
                             Ann Aiken
                             United States District Judge